IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSE M. DEVINE,** | : | |
| | : | Case No. 24-cv-00017-JMY |
| *Petitioner* | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| *Respondent* | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                           **October 2, 2024**

**I.    INTRODUCTION**

Petitioner Anthony Devine passed away on July 20, 2022, and his wife has since been substituted as the Petitioner in this matter. (Complaint, ¶ 2, ECF No. 1). On March 31, 2021, Petitioner became disabled, preventing him from working. Mr. Devine suffered from lumbar and cervical spine impairment as well as hip impairment, obesity, and sacroiliitis. (*Id*. at ¶ 4.) He worked in the past as a steamfitter welder. (R. 59-60.) Based on the impairments, Mr. Devine was unable to perform any work from March 31, 2021 up until the day he passed. (Complaint at ¶ 5.) Before his passing, Petitioner was 47 years old, and lived with his wife, 20-year-old son and 14-year-old daughter. (R. 25. and 54.)

**II.   BACKGROUND & PROCEDURAL HISTORY**

On June 8, 2021, Petitioner applied for disability insurance benefits ("DIB"). He appeared before the Administrative Law Judge ("ALJ") on July 12, 2022, for a telephonic hearing. (*Id*. at  ¶ 8.) On September 7, 2022, the ALJ rendered a decision finding that Mr. Devine was not eligible for DIB under Title II of the Social Security Act based upon an analysis of the

sequential evaluation process for disability provided by the Social Security Regulations. After filing for appeal, the Social Security Appeals Council upheld the ALJ's decision finalizing the Commissioner's determination. (*Id.* at ¶ 10.) We referred Mr. Devine's petition to Magistrate Judge Wells for an R&R issued on July 3, 2024, which recommended that the Petitioner's request for review be denied. Petitioner timely objected to Judge Wells' R&R.

### III.    LEGAL STANDARD

In analyzing the validity of the Acting Commissioner's final decision denying an application for social security benefits, a District Court must determine whether the findings are supported by substantial evidence. *See* 42 U.S.C. §405(g); 42 U.S.C. §1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565. "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620, (1966). In determining whether the Commissioner's decision was supported by substantial evidence, the Court must review the record as a whole. *Leslie v. Barnhart*, 304 F. Supp 2d 623, 627 (M.D. Pa. 2003).

When parties timely object to specific portions of a Report and Recommendation issued by a United States Magistrate Judge, the District Court must engage in de novo review of only those issues raised on objection. *Bynum v. Colvin*, 198 F. Supp. 3d 434, (E.D. Pa. 2016). In this process, a court may 'accept, reject, or modify, in whole or in part, the findings and recommendations' contained in the report. 28 U.S.C. § 636(b)(1). "The court may also, in the

exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

## IV.   DISCUSSION

Petitioner alleges that the R&R should not be adopted because the ALJ's decision was incorrect. She argues that the R&R improperly accepted both the ALJ's analysis of the sequential evaluation process at steps 2 and 4, as well as the erroneous assessment of the Petitioner's objective symptoms. Upon review of these claims, Judge Wells determined that neither of the Petitioner's objections warrant granting the request for review. Because Petitioner's objection to the R&R is deemed timely, this Court will review the dispositive legal issues raised in the R&R.

### A.   Section (C)(1) of the R&R

Petitioner's objection regarding this section of the R&R focuses on step 2 and 4 of the sequential process in analyzing whether a claimant may receive benefits under the Social Security Act by reason of disability. Petitioner argues that Magistrate Judge Wells erred in affirming the ALJ's decision which failed to consider his alleged cervicalgia in the sequential process.

In determining whether a claimant should receive disability insurance benefits under the Social Security Act, the ALJ must assess if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To receive benefits under the Act, "a claimant must also show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured." *Freeman v. Berryhill*, No. 1:17-cv-01071, 2019 U.S. Dist. LEXIS 103544, at *15

(M.D. Pa. June 20, 2019). The Social Security Act has laid out a sequential five-step analysis in evaluating the standard. The ALJ must assess the following factors: "whether claimant (1) is working and doing substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to past relevant work; and (5) if not, can perform alternate work." *Tisoit v. Barnhart*, 127 Fed. Appx. 572, 574 (3d Cir. 2005). For steps 1-4 the burden lies with the claimant. *Freeman* at 16. "If the claimant instead satisfies step 4, the burden then shifts to the Commissioner at step 5 to show that other jobs exist in significant numbers in the national economy that the claimant could perform." *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005).

Petitioner's objections stem from steps 2 and 4 of this process. He contends that the ALJ erred in classifying his cervicalgia as a non-severe impairment. In her R&R, Judge Wells found this objection to be meritless because the Petitioner's cervicalgia was never introduced as a disabling condition during the administrative hearing. We agree and adopt this determination. In *Rutherford*, the Third Circuit held that an ALJ did not err in by failing to consider an ailment that was never raised by the Petitioner. *See Rutherford*, 399 F.3d at 556. In the administrative hearing, the Petitioner identified his bilateral back pain and left hip pain as the sole impairments affecting his ability to work. (R. 49-56). The ALJ also considered that the Petitioner did not make any pain-related complaints of cervicalgia. (R. 28). We adopt the finding by Magistrate Judge Wells regarding this issue, and accordingly adopt Section (C)(1) of the Report and Recommendation.

  **B.**  **Section (C)(2) of the R&R**

The Petitioner additionally argues that the Court should decline to adopt Section (C)(2) of the R&R because the ALJ incorrectly assessed his residual functional capacity by inappropriately

basing the evaluation on the claimant's post-onset work attempt, without considering the accommodations he received at the workplace.

In step 4 of the sequential process, the ALJ must assess "the claimant's 'residual functional capacity' ("RFC") and whether he can perform his 'past relevant work.' A claimant's '[RFC] is the most [he] can still do despite [his] limitations.' If the claimant can perform his past relevant work despite his limitations, he is not disabled." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201-202 (3d. Cir. 2019). The ALJ "will assess a claimant's residual functional capacity based on all the relevant evidence in [his] case record." 20 C.F.R. § 404.1545(a)(1). A claimant's symptoms are their own description of his physical or mental impairment. Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4, *4-*6. In evaluating the intensity and persistence of these symptoms, the ALJ may consider objective medical evidence and other evidence in the record, including the claimant's activities and the treatment the claimant has received for his conditions. *Id*. at *5-*8. In the ALJ's determination, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

At the Administrative hearing, the ALJ relied on objective medical findings, treatments received, and Petitioner's work activity. (R. 31.) The ALJ specifically noted that although the Petitioner "maintained pain management treatment, there were no orthopedic or surgical evaluations since his onset date." (*Id*.) The Petitioner also admitted to working up to ten hours a day, five days a week, after his alleged onset date, and only a few months before the administrative hearing. (R. 45-46.) Nonetheless, the ALJ did not find that Mr. Devine could return to work. Instead, the ALJ found that he could perform a range of reduced light work.

Based on this information, the ALJ determined that the light work Mr. Devine performed in 2022 (after the alleged onset) was similar to the work the ALJ found he could perform. In her conclusion, the ALJ identified substantial evidence demonstrating that the Plaintiff's residual functional capacity was not diminished.

## V.     CONCLUSION

Upon review of Judge Wells' analysis in her July 15, 2024, Report & Recommendation, the Court overrules Mr. Devine's objections, adopts Judge Wells' Report and Recommendation, and denies Mr. Devine's request for review. An appropriate order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**